UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-40071 |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS |
| LANCE EUGENE HUNTER, | |
| Defendant. | |

_____

This memorandum of law is offered in support of Defendant's Motion to Suppress pursuant to the Fifth Amendment to the United States Constitution and D.S.D. L.R. 7.2 of the United States District Court for the District of South Dakota.

**FACTUAL BACKGROUND**

In April 2015 federal and state law enforcement authorities were conducting an online undercover operation. The aim was to find individuals looking to arrange commercial sex acts with minors. Ads were posted on craigslist and backpage.com. Hunter allegedly responded to one and arranged for sex with a fictional minor. On April 10, 2015 he was arrested based on these allegations. After his arrest he was taken back to the police station. He was placed in an interview room at approximately 6:55 p.m. Josh Twedt of the South Dakota Division of Criminal Investigation entered the interview room at approximately 7:11 p.m. and informed him he was under arrest, that he would like to ask him some questions, and advised him of his *Miranda* rights. Hunter acknowledged understanding his rights and agreed to speak with Twedt.

Immediately, Twedt began questioning Hunter and eliciting statements. A dialogue about the allegations continued until approximately 7:36 p.m. when Hunter began to communicate that

he did not want to talk or wanted a lawyer: "I feel like I'm like I'm getting . . . put into a corner . . . like you're trying to . . ." His statement was interrupted by Twedt who attempted explain that he was getting ready to leave the room and continue the interview later. Hunter responded by finishing his interrupted statement and unequivocally requesting a lawyer by stating: "Is there any way that a lawyer can be here?" Twedt responded: "yeah." Hunter reaffirmed that he had requested a lawyer by then asking "how long is that going to be?" Twedt told him "I don't know, I don't call lawyers to be here." Hunter then explained his rationale for requesting a lawyer: "I know I have the right to one, but I don't know how the system works . . . is it going to be one hour, two hours . . . I don't want to be led down a path because you do this every day . . . because no one is really watching out for me." Twedt reiterated that "I don't call lawyers to be here." He reaffirmed that Hunter had a right to a lawyer, but then told him they have "only one chance to talk." Hunter reiterated his request and said "so how do I get one?" Despite having unambiguously advised Twedt multiple times that he wished to have a lawyer present, Twedt advised him that he needed to "tell [him] that you want one." Twedt then told Hunter that he was going to leave the room and he would come back and they would "talk" and "go through this again."

Twedt left the room at approximately 7:40 p.m. Twedt re-entered at 7:46 p.m. He immediately continued interrogating Hunter about the contents of his cell phone and eliciting statements from Hunter. At 7:48 Hunter again began to tell him he wanted a lawyer. Twedt interrupted and said "we'll revisit that in a minute . . . what is the passcode on this." Hunter responded that he wanted a lawyer. Twedt finally relented and ended the interview.

## ARGUMENT

Hunter moves this Court to suppress statements elicited from him by law enforcement after his initial request for Counsel at approximately 7:36 p.m. Defendant was under arrest and in custody. He was read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and initially decided to speak. At 7:36 he unequivocally requested counsel multiple times. Under *Edwards v. Arizona*, 451 U.S. 477 (1981), when a suspect unequivocally invokes his right to counsel, police may not question him unless he reinitiates the contact with the police. The continued conversations beyond his invocation of counsel should be suppressed as a violation of *Edwards*.

## CONCLUSION

For the above stated reasons Hunter requests that his statements made to police after his invocation of counsel be suppressed from evidence at trial.

Dated this 16th day of July 2015.

    Respectfully submitted,

    NEIL FULTON
    Federal Public Defender
    By: /s/ Jason J. Tupman

    Jason J. Tupman, Assistant Federal Public Defender
    Attorney for Defendant
    Office of the Federal Public Defender
    Districts of South Dakota and North Dakota
    200 W. 10th Street, Suite 200
    Sioux Falls SD 57104
    Telephone: 605-330-4489   Fax: 605-330-4499
    filinguser_SDND@fd.org